[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff husband, 44, (d.o.b 11/5/57) and the defendant wife, 39, (d.o.b 3/21/62) whose birth name is Arthur, married on May 9, 1992 in Westport, Connecticut. The husband has resided continuously in this state for over a year before commencing this action seeking a dissolution of the marriage thereby furnishing this court with jurisdiction. There are two children issue of the marriage: Tyryn Whitney, born May 9, 1994 and Skylyr Winslow, born September 3, 1996. Both parties are college graduates and both are in good health.
The plaintiff's father gave the property known as 20 Kingdom Ridge Road, Wilton, Connecticut to the plaintiff by deed dated September 4, 1990 (Plaintiff's Exhibit #1). Shortly thereafter the father wrote a letter (Plaintiff's Exhibit #2) to the plaintiff and to his brother John explaining the reasons for the gift of the house to the plaintiff as well as the gift to John of shares of stock. Their father explained why a third son, David, who is mentally and physically disabled, was omitted since he could be found ineligible for government programs. However, the letter makes it clear that the father expected the plaintiff to assume greater responsibility for caring for David. The letter stated the cost basis for tax purposes was $168,000 and that the donor's opinion of then current market value to be about $400,000. The parties occupied the property as their home throughout the marriage. The premises were adapted for day care for a maximum of six children, licenses were obtained and the defendant opened for business on September 1, 1992. The day care was closed on August 31, 1995 but the premises remained licensed. She may now enroll four other children but only two may be under two years of age. The defendant wishes to reopen the day care, with the parties continuing as tenants in common. The plaintiff did convey an undivided 50% interest to the defendant by deed dated November 18, 1998 (Plaintiff's Exhibit #2).
The plaintiff is employed by Hyperion Solutions as a computer programmer earning weekly gross of $1592.84 and, after deductions, net of $1,035.62 weekly. The defendant has been a homemaker. The plaintiff's father also put substantial funds in plaintiff's name for the intended use by the plaintiff for the welfare of David. The defendant acknowledged this arrangement. She also brought David on family outings and assisted her husband with the care of David. There are UGMA accounts for the two children. The father also made annual gifts to his two sons, Mark and John and the defendant.
The plaintiff had many complaints about the defendant but no hard evidence of wrongdoing was offered to corroborate the claims. The defendant does not want the dissolution and offered no reason why the plaintiff insists on ending the marriage. The court has concluded that there is a basic difference in each party's approach to the managing of CT Page 1566 the family finances. The causes of the breakdown remain somewhat obscure.
After reviewing the evidence, evaluating the credibility of the witnesses, and examining the financial affidavits and exhibits, all in light of the relevant law, the court enters the following decree.
 1. Judgment is entered dissolving the marriage on the ground of irretrievable breakdown and each party is declared to be unmarried.
 2. The parties shall have joint legal custody with primary physical custody of both children placed with the defendant mother. The plaintiff father shall have reasonable visitation rights including every other weekend from Friday evening until Sunday evening. The parents shall share holidays, birthdays and vacations.
 3. The plaintiff shall pay to the defendant as child support the sum of $318 weekly which the court finds is in accord with the guidelines. A contingent wage withholding order is entered, the parties having filed a waiver to an immediate wage withholding order. The court enters no order regarding the UGMA accounts of the children.
 4. The plaintiff shall provide medical insurance for the benefit of the minor children as available through his employment. All unreimbursed medical, dental, psychological, optical and prescriptive drug expenses, which are not covered by medical insurance, shall be paid by the parties in accordance with the Child Support Guidelines.
 5. The defendant shall have exclusive possession of the marital premises in Wilton, Connecticut, until the earliest of the following to occur:
a) Her remarriage;
b) Her co-habitation with an unrelated male;
c) The youngest child of the parties graduating from high school or attaining the age of 19, CT Page 1567 whichever occurs earlier;
d) Her earlier decision to sell.
 During her possession, the defendant shall be responsible for the payment of the carrying costs of the home and 1/2 of the real estate taxes and homeowner's insurance and the plaintiff shall pay 1/2 of the real estate taxes and homeowner's insurance. She shall be responsible for all ordinary repairs. In the event of a capital repair, a capital repair being any repair which costs more than One Thousand Dollars ($1,000.00), the parties shall equally divide the cost thereof. However, in the event of a capital repair, which does not constitute an emergency, the plaintiff shall be given an opportunity to solicit bids from contractors before the work is commenced.
 Upon the earliest of the above noted events to occur, the property shall be listed for sale with a real estate broker selected by the parties. The parties shall list the property at a price suggested by the real estate broker and adjust the same from time to time in accordance with the suggestions of the real estate broker. They shall further accept any offer to purchase said premises mutually agreed by them. In the event that the parties cannot agree on the selection of a broker, the listing price of the property or the adjustments thereto, then either party may move the Superior Court at Stamford/Norwalk to make appropriate orders to accomplish the sale. From the proceeds of sale, the brokerage commissions, attorney's fees for closing, conveyance taxes and other normal and usual closing costs shall be paid and the balance of the proceeds shall be divided equally by the plaintiff and the defendant.
 6. The plaintiff will pay $250 per week to the defendant as alimony until February 1, 2006 or until defendant shall have sooner remarried, cohabited, or upon the sooner death of either party.
7. a) The defendant shall have as her sole and separate property: the assets enumerated on her financial affidavit, including the 1997 CT Page 1568 Dodge Grand Caravan and all furniture and furnishings in the marital residence; the plaintiff shall have his tools and personal effects and the truck.
 b) Subject to the above and to the other orders herein, the plaintiff shall have the assets enumerated on his financial affidavit as his sole and separate property.
 8. For so long as he has an obligation to pay support, the plaintiff shall name the defendant as beneficiary of One Hundred Thousand Dollars ($100,000.00) of life insurance.
 9. The plaintiff shall transfer and pay to the defendant within 30 days of the date of dissolution the sum of $150,000.00. The plaintiff shall pay an additional $6,113.00 to the defendant to reimburse her for her current debts.
 10. The plaintiff shall pay to the defendant as an allowance to defend the sum of $15,000.
So Ordered.
HARRIGAN, J.T.R.